IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,
Plaintiff
vs.

                                       Case No: 18-CR-00262-VEC

VINCENT SCHIFANO,
Defendant.

### ***DEFENDANT'S SECOND MOTION FOR REDUCTION IN SENTENCE***

COMES NOW, VINCENT SCHIFANO, by and through undersigned counsel, pursuant to Title 18 U.S.C. §3582(c)(1)(A), and respectfully requests that this Court grant him a reduction in sentence and convert the balance of his 108 month sentence of imprisonment to time served with supervised release. As grounds in support thereof the defense would state the following:

1. On March 28, 2019, Mr. Schifano was sentenced to a total term of 108 months imprisonment with two years of supervised release for money laundering in violation of 18 U.S.C. § 1957. ECF-25.

2. Mr. Schifano was released from prison to home confinement pursuant to the CARES Act in late March, 2022. As a condition of his release, Mr. Schifano has to wear an electronic ankle monitor.

3.    Mr. Schifano's release date from imprisonment is December 9, 2024.  As such, Mr. Schifano is requesting the Court to grant him a reduction in sentence to time served so his supervised release can begin immediately.

4.    On October 20, 2020, the Court denied Mr. Schifano's Motion for Compassionate Release and left open the possibility for reconsideration if Mr. Schifano's health were to deteriorate.  ECF-53.

5.    Mr. Schifano would readopt and reallege all of the previous arguments in his initial motion for compassionate release, including but not limited to, the fact that he requested compassionate release from the Warden on June 3, 2020 and never received a response.  ECF-45, 47.  The prior motion details Mr. Schifano's significant medical history, including his age (he is now 67.5 years old), morbid obesity, high blood pressure and prior instances of bladder cancer. *Id.* Mr. Schifano would reallege and readopt his previous statements regarding his medical conditions and request the Court take judicial notice of his prior medical records from the prior filing in ECF-45, 47.

6.    As such, this motion will focus on the recent medical events which document the change in circumstances that militate in favor of granting Mr. Schifano's motion.

7.    Mr. Schifano's medical condition has deteriorated significantly as his bladder cancer has returned and is currently Stage 3.  See Exhibit A-Attached medical records.

8.    While Mr. Schifano has been released from imprisonment and is now on home confinement until December 9, 2024, he had significant complications upon his release that led to delays in critical medical treatments.  As an inmate, Mr. Schifano had to visit doctors that were approved by the Bureau of Prisons' ("BOP") medical insurance for inmates.

9.    On March 31, 2022, within 10 days of being released from FCI Estill,  Mr. Schifano was hospitalized at Delray Medical Center in Delray Beach, Florida.  Mr. Schifano was unable to urinate with only blood clots coming out when he was trying to urinate.  Mr. Schifano's bladder was riddled with blood clots and his bladder cancer had returned and metastasized to level 3-highly invasive.  During surgery, a large mass was removed and a partial resection of his bladder was conducted by the urology team, which also resulted in the addition of a stent in his right kidney due to blockage.

10.    Dr. Gupta, a member of the urology team, requested that Mr. Schifano follow up with him in three weeks and to work on an appointment to see the urology team from Sylvester Cancer Center ("Sylvester") in Miami.

Per BOP protocol, Mr. Schifano's request for a medical visit at Sylvester was sent to BOP for approval through the medical director of the Residential Reentry Center.

11. Unfortunately, approval for a specialist at Sylvester was denied due to the doctors not being in the BOP physician network. Instead, BOP said that they will recommend a urologist for Mr. Schifano to follow up with. This referral was not issued until months later, in mid-June, 2022.

12. Over one month later, on July 24, 2022 Mr. Schifano received a consultation with a new oncology group in the BOP network. The doctor recommended that treatment should be started to try and stop the spread of the cancer from the bladder.

13. The BOP then approved treatment without having a urologist assigned.

14. Dr. Meewar from the oncology team again referred Mr. Schifano to Sylvester. Dr. Meewar was the second doctor to refer Mr. Schifano to Sylvester.

15. The request for approval for Sylvester was submitted and denied again by the BOP.

16. Instead, BOP recommended a Hematology and Oncology group in Lake Worth, Florida. Treatment for Mr. Schifano's cancer then commenced.

An Oncologist from this group referred Mr. Schifano to Sylvester due to his advanced condition and the need for advanced treatments.

17. Since this was the third group of medical professionals to refer Mr. Schifano to Sylvester it was obvious that things had to be handled outside BOP since they would not approve this treatment. To proceed with trying to see the experts at Sylvester, Mr. Schifano's and his family began applying for Medicare Part B for Mr. Schifano. However, the cutoff date was missed.

18. Medicare Part A+B was not activated until February, 2023 so Mr. Schifano had to follow the BOP's care plan which resulted in approximately a nine month delay in getting Mr. Schifano the expert medical care that his condition so urgently required.

19. On March 9, 2023, Mr. Schifano was taken to the Delray Medical Center Emergency Room due to back and abdominal pain and the inability to urinate.

20. After PET scans, an X-ray, and nuclear imaging, new masses were revealed in Mr. Schifano's bladder, a new blockage in his left kidney, an infection in his right kidney, and the possible spread of cancer to both his prostrate and lungs. The Delray Beach Urology team led by Dr. Gupta again recommended Mr. Schifano to be treated by Sylvester.

21. Mr. Schifano is finally getting treatment at Sylvester. The stent in his right kidney was removed and a nephrostomy tube was placed in his right kidney. A stent was added in Mr. Schifano's left kidney.

22. Mr. Schifano now has complications with the electronic ankle monitor he is required to wear.

23. For example, the monitor is digging into Mr. Schifano's leg and making him extremely uncomfortable due to the edema in his legs. The monitor leaves a significant indentation in his leg. Additionally, the monitor is causing irritation while laying down which causes itching and scratching leading to open scratches that can become infected at a time when he is immunocompromised due to his cancer treatment. This is especially concerning given Mr. Schifano's hospitalization for his cancer treatments where he encounters other patients with infectious diseases.

24. BOP calls routinely around the clock to advise Mr. Schifano to charge his bracelet and it affects Mr. Schifano's ability to consistently sleep when he is not in treatment. Due to all the medical tests, procedures and physical therapy, Mr. Schifano needs to keep disconnecting his bracelet before it is fully charged, which exacerbates this situation.

25. Additionally, the vibration of the bracelet also interrupts the sleep Mr. Schifano needs to recover from the chemotherapy treatments.

26. While the monitor is required for inmates serving time on home confinement under the CARES Act, a monitor is not necessary for an individual of Mr. Schifano's age and with his medical condition and does nothing to protect the community.  However, by affecting Mr. Schifano's sleep and causing discomfort the monitor is adding to Mr. Schifano's stress level which is hampering his battle to survive this cancer.

27. Clearly, Mr. Schifano needs to remain in the Southern District of Florida to receive what he hopes is lifesaving cancer treatment at Sylvester and is not a flight risk.

28. The request for compassionate release will specifically address the situation as it will delete the requirement of electronic monitoring and allow him to begin supervised release.

29. Mr. Schifano's release plan would be identical to his current plan, absent the electronic monitor.  Mr. Schifano's medical care would be covered by Medicare and he would continue to live with his brother, Johnny Schifano, in a two bedroom apartment.  Mr. Schifano's other brother, Richard Schifano, assists Mr. Schifano in scheduling and transporting him to his medical visits.

## MEMORANDUM OF LAW

This Court has held that is has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), and (iii) whether the release of the Defendant would pose a danger to the community, *United States v. Zullo*, ___ F.3d ___, No. 19-CR-3218, 2020 WL 5739712 (2d Cir. Sept. 25, 2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020); *United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020). ECF-53 at 1-2. This Court previously balanced Mr. Schifano's pre-existing conditions and obesity that presented extraordinary and compelling reasons to consider reducing his sentence with at least two of the Section 3553 factors that counsel against a reduction of sentence: the seriousness of the offense and deterrence. *Id.* Ultimately, the Court found that Section 3553 factors outweighed the extraordinary and compelling reasons and denied the motion. *Id.* However, in its Order the Court left open the possibility for reconsideration stating:

> That balance could, of course, change if BOP's ability to control the spread of COVID in its facilities (and in FCI Estill particularly) should significantly deteriorate *or if Defendant's health were to deteriorate markedly.* In this case, however, the Court is balancing the need to adequately punish Defendant for a very serious offense against his fear of contracting a disease that could be, for him, quite serious.
> DE-53 fn. 2. (Emphasis added.)

Unfortunately, for Mr. Schifano, one of these scenarios has come to pass as his cancer has returned which has caused his health to deteriorate significantly. Currently, Mr. Schifano is battling to survive Stage 3 bladder cancer and the Court should now give greater weight to this factor. Since Mr. Schifano has now served an additional two and one-half years of imprisonment since the prior motion and almost the entirety of his sentence (he is set to be released on December 9, 2024) the two 3553 factors the Court weighed previously, the seriousness of the offense and deterrence, are diminished to an extent. When considered with the fact that Mr. Schifano has already been released into the community by the BOP, the balance has now changed and militates in favor of granting Mr. Schifano's motion for a reduction in sentence.

Counsel conferred with AUSA Jason Richman who advised that she would review the motion and documentation and state the government's position in their response to the motion.

WHEREFORE Mr. Schifano respectfully requests this motion be granted and requests that the balance of his sentence of imprisonment be converted to time served with supervised release to follow.

Respectfully submitted,

s/ Gennaro Cariglio Jr.
Gennaro Cariglio Jr.
8101 Biscayne Blvd.
Penthouse 701

Miami, FL 33138
(305) 899-0438
Florida Bar No.: 51985
Atty. for Defendant
Sobeachlaw@aol.com